# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR-00-3021-LRR |
| vs. | No. C-03-3083-LRR |
| STEVEN JOHN STOLTENBERG, | **ORDER** |
| Defendant. | |

_____

## *I. INTRODUCTION AND PROCEDURAL BACKGROUND*

The matter before the court is Defendant's "Objections to Magistrate Judges Report and Recommendations Pursuant to Title 28 U.S.C. § 636(b)(1)(B)" [hereinafter "Objections"], filed August 1, 2005 (docket no. 157). The Objections pertain to Chief Magistrate Judge John A. Jarvey's June 28, 2005 Report and Recommendation (docket no. 153) in which he recommends denying Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence [hereinafter "Motion"] (docket no. 144).

Proceeding pro se, Defendant filed his Motion on September 25, 2003, and his memorandum supporting the Motion on October 20, 2003. On June 2, 2004, this court conducted an initial review of Defendant's Motion and ordered the government to plead or move by July 30, 2004. On July 28, 2004, the government filed its resistance to Defendant's Motion. Defendant's Motion was referred to Judge Jarvey on May 10, 2005.

On June 28, 2005, Judge Jarvey issued a Report and Recommendation [hereinafter "R&R"] in which he recommends Defendant's Motion be denied. Defendant timely filed his Objections.[1]

## II. STANDARD OF REVIEW

This court reviews a magistrate judge's report and recommendation *de novo*:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Defendant has made timely Objections to Judge Jarvey's R&R. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1).

---

[1] On July 5, 2005, Defendant requested an extension of time to file his Objections. On July 15, 2005, the court granted Defendant's request for an extension and ordered him to file his Objections by August 1, 2005. Defendant filed his Objections on August 1, 2005.

## *III. 28 U.S.C. § 2255 MOTION*

In his Objections, Defendant asserts: (1) Judge Jarvey incorrectly found that Defendant was required to exhaust his ineffective assistance of counsel arguments on direct appeal, and (2) Judge Jarvey's conclusions of law were erroneous.

### *A. Exhaustion of Remedies*

Defendant disputes that he should have raised his ineffective assistance of counsel claim on appeal. (*See* docket no. 157 at 5 ("The report further implies that petitioner should have raised this issue on appeal, a claim of ineffective assistance of counsel is properly raised in a Section § 2255 [sic] proceeding.")). He appears to be objecting to the portion of the R&R which reads:

> A review of the record indicates that Mr. Stoltenberg failed to present any of his ineffective assistance of counsel claims or his claim of court error set forth in his § 2255 motion to the Eighth Circuit Court of Appeals for exhaustion. . . . On appeal . . . Mr. Stoltenberg did not frame the issue as one of ineffective assistance of counsel but rather directly challenged the district court's sentence in regard to the acceptance of responsibility issue.

(R&R at 10-11 & n.13).

Insofar as the R&R suggests Defendant had an obligation to pursue his ineffective assistance of counsel claims on direct appeal, it is erroneous. Claims of ineffective assistance of counsel are generally not appropriate for direct appeal and are generally raised in a motion for post-conviction relief. *See United States v. Looking Cloud*, 419 F.3d 781, 788-89 (8th Cir. 2005) ("We will not consider ineffective assistance of counsel claims on direct appeal except in 'exceptional cases in which the district court has developed a record on the ineffectiveness issue or where the result would otherwise be a plain miscarriage of justice.'") (citing *United States v. Santana*, 150 F.3d 860, 863 (8th

3

Cir. 1998)). "Ineffective assistance of counsel claims nearly always require the development of facts outside the record . . . ." *Id.*

In this case, no record regarding Defendant's ineffective assistance of counsel claims was developed at the district court level. There were no hearings regarding his claims of ineffective assistance of counsel and he never filed motions asking to replace either of his attorneys. Instead, the government filed a motion to disqualify attorney Steven VandenBerg as Defendant's counsel on May 31, 2001. After Russell Schroeder filed his appearance on June 18, 2001, the court denied as moot the government's motion. There was some discussion about Mr. VandenBerg at Defendant's sentencing hearing (*see, e.g.*, Sentencing Transcript at 72 (giving defendant the benefit of the doubt because of the actions of Mr. VandenBerg)), but the record was not developed to the extent that the ineffective assistance of counsel claim could have been reviewed on direct appeal. Similarly, there is no developed factual record regarding Defendant's claims that Mr. Schroeder was ineffective. Therefore, Defendant appropriately raised his ineffective assistance of counsel claims for the first time in his Motion and any suggestion that he was required to exhaust the issue on direct appeal was erroneous.

Having said that, however, the court adopts the conclusions in the R&R regarding the effectiveness of Defendant's attorneys. After a thorough review of the record, including the government's Memorandum in Support of Government's Resistance to Defendant's Motion under Title 28, United States Code, Section 2255 [hereinafter "Resistance"] (docket no. 149), the court concludes Defendant's attorneys were not ineffective and his Motion regarding their ineffectiveness was properly denied by Judge Jarvey.

### B. *Conclusions of Law*

Review of the record, including Defendant's Motion, the government's Resistance, Defendant's "Reply to Government's Response Pursuant to Title 28, United States Code, Section § 2255," the R&R, and Defendant's Objections to Judge Jarvey's R&R, leads the court to conclude Defendant's remaining objections essentially do no more than restate the arguments he raised in his Motion. His objections are vague. *See* Fed. R. Civ. P. 72 (requiring the court to review *de novo* any portions of the report and recommendation to which a *specific* written objection has been made). Even if Defendant's objections could be construed as specific, the court finds Defendant's arguments that Judge Jarvey erred to be wholly without merit. The court thoroughly reviewed the record and finds the denial of the Defendant's Motion results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Poor Thunder v. United States*, 810 F.2d 817, 821-22 (8th Cir. 1987) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.").

In light of the foregoing and based upon its de novo review, the court adopts the conclusions of law in Judge Jarvey's R&R in this case.

### IV. CONCLUSION

**IT IS ORDERED**:

(1) Defendant's "Objections to Magistrate Judges Report and Recommendations Pursuant to Title 28 U.S.C. § 636(b)(1)(B)" (docket no. 157) are

**SUSTAINED** to the extent that the R&R suggests Defendant should have exhausted the ineffective assistance of counsel issue on direct appeal, but are otherwise **OVERRULED**.

(2) Apart from the modifications made in this Order, the court **ADOPTS** Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 153).

(3) Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence (docket no.144) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 31st day of October, 2005.

*[signature]*
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA